**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-31110**
**Summary Calendar**
_____


**ELEASE BRADFORD,**

**Plaintiff-Appellant,**

**versus**

**LOUISIANA STATE UNIVERSITY MEDICAL CENTER, ET AL,**

**Defendants,**

**BOARD OF SUPERVISORS FOR LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE, erroneously sued as Louisiana State University Medical Center:  Human Resources Management,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
New Orleans Division
(96-CV-1484)
_____
September 17, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[1]

Elease Bradford, pro se, brought this suit under Title VII alleging that she was discriminated against on the basis of her race and sexually harassed by faculty, staff, and students at

_____

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana State University Medical Center. The district court adopted the recommendation of the magistrate judge that Bradford's federal claims be dismissed for failure to file her claim within 90 days of the receipt of her right to sue letter from the Equal Employment Opportunity Commission (EEOC). We affirm.

Bradford received a right to sue letter from the EEC via certified mail in May 1994. She filed her complaint on April 30, 1996. Plaintiffs who receive a right to sue letter from the EEC are required to file their complaints within 90 days after receipt of the letter. See 42 U.S.C. § 2000e-5(f)(1). Plaintiff contended below that her failure to file a complaint was caused by neglect or fraud by her attorneys. The magistrate judge concluded that this was not a ground for equitable tolling of the 90-day rule. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95, 111 S.Ct. 453, 457 (1990); Rowe v. Sullivan, 967 F.2d 186, 192 (5th Cir. 1992); Wilson v. Secretary of Veterans Affairs, 65 F.3d 402, 405 (5th Cir. 1995). Furthermore, as the magistrate judge noted, even if attorney neglect was a ground for equitable tolling, plaintiff waited over 90 days after learning that her attorney never filed a complaint before she filed a complaint on her own behalf. Plaintiff also claims that the

emotional damage done to her by the defendant's harassment incapacitated her and has inhibited her efforts to pursue her complaint. Thus, Bradford argues, barring her claim as untimely would allow the defendant to benefit from its own wrongdoing. However, Bradford has not pointed to evidence of how her "post-traumatic stress syndrome" and "severe anxiety" prevented her from pursuing her rights. Bradford has not alleged any misrepresentation on the part of the defendant which concealed her cause of action or caused Bradford to be mislead as to when it was necessary to file her suit. See Irwin,, 498 U.S. at 96 n.4, 111 S.Ct. at 458. Accordingly, her suit filed over two years after the receipt of her "right to sue" letter was untimely.

**AFFIRMED.**